HIRAM FUHN, RESPONDENT, v. C. M. WEBER, APPELLANT.

PLEADING.—MOTION TO DISSOLVE INJUNCTION.—It is no ground for dissolving an injunction upon a motion made upon the complaint alone, that two causes of action have been improperly joined, without separately stating them.

IDEM.—EVASIVE ANSWER.—The complaint alleged that "East street, in the City of Stockton, had been laid out and dedicated as a public highway, and has been used as a public thoroughfare for sixteen years." The answer denies that there is such a street in Stockton. Held, that the answer is evasive.

IDEM.—When sufficient equities are shown in the complaint, and which are not denied by the answer, there is no error in refusing to dissolve an injunction.

APPEAL. from the District Court of the Fifth District, County of San Joaquin.

The case is stated in the opinion.

*William L. Dudley*, for Appellant, made the following points :

*First*—This being an action of law, in which plaintiff seeks equitable relief, the grounds of equitable interposition should be stated in the complaint, *distinct and separate* from those upon which judgment at law is sought; and not being so stated, plaintiff is not entitled to an injunction. (*Natoma Water and Mining Company* v. *Clarkin*, 14 Cal. 548.)

*Second*—The answer of appellant denies all the equities of the complaint; hence the injunction should have been dissolved. (*Gardner* v. *Perkins*, 13 Cal. 553; *Burnell* v. *Whitesides*, 13 *Id.* 156; *Johnson* v. *Wide West M. Co.* 22 Cal. 479; *Real del Monte M. Co.* v. *Pond*, 23 Cal. 82.)

*Byers & Elliott*, for Respondent.

SAWYER, C. J., delivered the opinion of the Court :

Appeal from an order refusing to dissolve a preliminary injunction. If two causes of action have been improperly joined without separately stating them, the objection must be taken by demurrer. This is an objection which is waived by not demurring. It is no ground for dissolving an injunction upon a motion made upon the complaint alone, if the facts alleged in the complaint are sufficient to entitle the plaintiff to an injunction.

The denials of the answer are evasive in material particulars. It denies that there is any such street as East street, in the City of Stockton, and then, on the assumption that there is no such street as East street, denies the digging up of the earth in East street, etc. Its denial of the existence of East street is not treating the allegations of the complaint fairly, but is the defendant's own conclusion of law. The complaint alleges that defendant many years ago laid out and dedicated as a public highway East street, and that it has since been used as a public thoroughfare by the public for more than sixteen years prior to the commencement of the action. These material allegations, from which it follows that East street is a public highway, are not denied. But it is denied that there is such a street in Stockton. The denials are evasive and not direct. In this respect we think the equities of the complaint are not all denied by the answer, and that there was no error in refusing to dissolve the injunction on complaint and answer.

Order affirmed.

Sprague, J., expressed no opinion.